# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                   Case No. 15-CR-201

SEAN HARVEY,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO SEVER

On October 14, 2015, a grand jury sitting in the Eastern District of Wisconsin returned a two count indictment against defendants Sean Harvey and Broderick Moore. The indictment charges Harvey and Moore with motor vehicle robbery, in violation of 18 U.S.C. §§ 2119(1) and (2) and with use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (Docket # 10.) Both defendants were arraigned on the charges and entered pleas of not guilty.[1]

Before me is Harvey's motion requesting that his case be severed from Moore's. The government responded to Harvey's motion; however, Harvey did not file a reply. Thus, the motion is now fully briefed and ready for resolution. For the reasons discussed below, Harvey's motion to sever is denied.

---

[1] Subsequent to the filing of Harvey's motion to sever, a grand jury returned a four count superseding indictment against the defendants. The superseding indictment charges Harvey with the additional counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and with possession with the intent to distribute a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Docket # 28.)

## BACKGROUND

As noted above, the indictment alleges that on or about July 16, 2015, Harvey and Moore were involved in an armed motor vehicle robbery. Harvey states that a review of the discovery in this case shows that on August 3, 2015, Moore gave a *Mirandized* interview to law enforcement in which he directly implicated Harvey in the July 16, 2015 motor vehicle robbery. (Def.'s Mot. to Sever at 2, Docket # 25.) The government adds that in his statement, Moore denied involvement in the motor vehicle robbery, but inculpated Harvey. (Gov't Resp. Br. at 1, Docket # 30.)

Harvey argues that the introduction of Moore's statement violates Harvey's right of confrontation and cross-examination in violation of *Bruton v. United States*, 391 U.S. 123 (1968). (Docket # 25 at 2.) The government responds that it will not offer any out-of-court statements of Moore that implicate Harvey and further states that should Moore choose to testify at trial and the government cross-examines him regarding his prior statements, Moore will be subject to Harvey's cross-examination, thus eliminating any *Bruton* concerns. (Docket # 30 at 2.)

## ANALYSIS

Under Fed. R. Crim. P. 8(b), two or more defendants may be charged in a single indictment if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. No one disputes that Harvey and Moore are properly charged together in the indictment.

However, Fed. R. Crim. P. 14 allows the court to sever defendants properly joined under Rule 8. Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government,

2

the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." When defendants have been properly joined under Fed. R. Crim. P. 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya–Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). A mere showing of some prejudice will not warrant severance. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). Rather, the defendant must show that he is unable to obtain a fair trial without severance. *United States v. Thornton*, 197 F.3d 241, 255 (7th Cir. 1999).

The Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance: (1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a co-defendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants. *United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993). In this case, Harvey argues that severance is proper because the government's use of Moore's statement to implicate Harvey violates Harvey's right of confrontation and cross-examination in violation of *Bruton*. The government argues that since it will not offer any out-of-court statement of Moore that implicates Harvey, there is no prejudicial joinder. Further, the government argues that should Moore choose to testify at trial and the government cross-examines him regarding his prior statements (including those that implicate Harvey), Moore will be subject to Harvey's cross-examination, again eliminating any *Bruton* concerns.

Under *Bruton*, admission of a co-defendant's statement inculpating the defendant at a joint trial where the co-defendant does not testify violates the defendant's Sixth Amendment right to confrontation as he is precluded from cross-examination. 391 U.S. at 127–28. The government has indicated that it will not introduce Moore's statement implicating Harvey; thus, there is no concern of prejudicial joinder under *Bruton*. Further, should Moore choose to testify and the government cross-examines him regarding his statement that implicates Harvey, Harvey will have the opportunity to cross-examine him, again eliminating the *Bruton* concerns. *See id.* Thus, Harvey has not established that severance is necessary under *Bruton*.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to sever (Docket # 25) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 2nd day of December, 2015.

BY THE COURT

 s/*Nancy Joseph*  
NANCY JOSEPH  
United States Magistrate Judge