UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 15-cr-201-pp

SEAN N. HARVEY,

        Defendant.

**ORDER DENYING DEFENDANT'S *PRO SE* LETTER MOTION TO LIFT DETAINER (DKT. NO. 261)**

      In September of last year, the probation office asked the court to consider revoking the defendant's supervised release, due to drug use, missed appointments with his probation officer, unemployment and unreported police contacts. Dkt. No. 243. The court held a hearing on October 8, 2019; all parties recommended that the court give the defendant one more chance, and it accepted that recommendation and did not revoke the defendant. Dkt. No. 250. The court held a status conference on January 9, 2020—while there had been some hiccups, the defendant had been clean for seven weeks and had completed the Thinking for Change program. Dkt. No. 253 at 1-2. The defendant wasn't working, but the probation office was willing to assist him in trying to find a job. The court adjourned the hearing once more, to give the defendant the opportunity to comply with all the conditions of his supervision. Id. at 2. The court scheduled a final revocation hearing for April 7, 2020. Id.

      On March 17, 2020, the court removed the April 7 hearing from the calendar as a result of the growing COVID-19 crisis. Dkt. No. 255. That same

1

day, however, probation notified the court that the defendant had accrued traffic violations which he hadn't reported, had remained unemployed (because, he indicated to probation, he just didn't want to work), had twice tested positive for illegal drugs and had lent his mother's car to a felon who'd been involved in a high-speed chase. Dkt. No. 256. The court modified the conditions of the defendant's supervision to include sixty days of location monitoring. Id. at 3.

On April 27, 2020, this court issued a warrant for the defendant because of events that occurred on April 22 and 23, 2020. In reporting those events, the probation officer indicated that on April 23, 2020, she had urged the defendant to turn himself in and he had agreed to do so. Yet as of April 24, 2020, the defendant had not turned himself in and probation did not know where he was.

On May 22, 2020, the court received this letter/motion from the defendant. Dkt. No. 261. He says that his probation officer put a detainer on him for unknown reasons, and he asks that the detainer be lifted. Id. at 1. He indicates that he is in the Milwaukee County Jail for a "domestic violence situation which has nothing to do with" his federal case, and that he doesn't understand why his probation officer had a detainer placed. Id. He says that he had been working since March 9, had turned himself in on the domestic violence allegations and had been fully compliant with all conditions of his supervision. Id. at 2. He says that his supervising agent had no authority to place a detainer on him and asks the court to lift it. Id.

The court will deny the defendant's letter motion. The defendant is represented by a lawyer. "[A] defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions." United States v. Khatib, 606 F. App'x 845, 847 (7th Cir. 2015). See also United States v. Mosley,

2

353 F. App'x 49, 53 (7th Cir. 2009) ("a defendant who is represented by counsel does not have the right to file his own pro se submissions."); United States v. Williams, 495 F.3d. 810, 813 (7th Cir. 2007); United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th Cir. 1998). If the defendant wants to ask the court to do something, he should ask his lawyer to file a motion.

The court notes for the defendant's benefit, however, that it was not his probation officer who put a detainer on him. The reason there is a detainer on the defendant is because this court issued a warrant for his arrest. The federal court is not holding in-person hearings due to the COVID-19 crisis, but if the parties ask and the defendant consents, the court will hold revocation hearings and detention hearings by video. The court encourages the defendant to discuss that option with his lawyer.

The court **DENIES** the defendant's *pro se* letter motion to lift the detainer. Dkt. No. 261.

Dated in Milwaukee, Wisconsin this 28th day of May, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3